UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE LEE,

    Plaintiff,

v.                                             Case No. 8:21-cv-1579-TPB-AAS

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER GRANTING UNITED STATES'
CONVERTED MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on "United States' Motion to Dismiss Amended Complaint and Memorandum of Law in Support," filed on October 19, 2021. (Doc. 9). Plaintiff filed his response in opposition on November 9, 2021. (Doc. 10). On December 14, 2021, the Court converted the motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). (Doc. 20). The parties filed supplemental briefing. (Docs. 23; 24; 28; 29). After reviewing the motion, response, supplemental briefing, court file, and record, the Court finds as follows:

The material facts are simple, straightforward, and undisputed.[1] Plaintiff Wayne Lee brings this action against the United States, seeking a refund of $78,630.86 that he paid to the Internal Revenue Service ("IRS") for failure to file

---

[1] At a case management conference held on January 19, 2022, the parties agreed that there are no real factual issues in dispute.

and failure to pay penalties assessed against him for his delinquent 2014, 2015, and 2016 federal income tax returns, with interest. Plaintiff generally contends that these penalties were erroneously assessed against him because he exercised ordinary business care and prudence by signing form 8879, which imposed a legal duty on Mr. Kevin Walsh, acting as a specified tax return preparer and electronic return originator ("ERO"), to timely electronically file Plaintiff's tax returns.

Under controlling Supreme Court precedent, a taxpayer's "failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under § 6651(a)(1)." *United States v. Boyle*, 469 U.S. 241, 252 (1985). Although *Boyle* did not specifically address tax returns in the context of electronic filing, there is no reason that its bright line holding should not apply here. *See, e.g., All Stacked Up Masonry, Inc. v. United States*, 150 Fed. Cl. 540, 549 (2020) ("Utilizing tax preparation software does not alleviate the taxpayer's duty to be aware of, and comply with, the deadlines set forth in the tax code.").

Assuming that Plaintiff's allegations are true, he is not entitled to a refund of the penalties assessed because he cannot establish a reasonable cause defense based on his reliance on an accountant to prepare and submit his tax returns. *See, e.g., id.* at 251 ("Reliance by a lay person on [an agent] is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute."); *Intress v. United States*, 404 F. Supp. 3d 1174, 1179-80 (M.D. Tenn. 2019) (taxpayer's reliance on tax preparer to electronically file returns did not constitute

reasonable cause for abatement of failure to file tax return penalties).  Furthermore, even if "*Boyle* was inapposite in the era of e-filing, that would still not obviate a taxpayer's duty to exercise 'ordinary business care and prudence[,]'" and it would not have been reasonable for Plaintiff to "blindly assume" that his accountant would timely file his tax returns.  *See id*. at 1180.  Consequently, the Court finds that the United States is entitled to summary judgment.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "United States' Motion to Dismiss Amended Complaint and Memorandum of Law in Support" (Doc. 9) is **GRANTED**.

(2)  The Clerk is **DIRECTED** to enter final judgment in favor of the United States of America, and against Plaintiff Wayne Lee.

(3) Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>8th</u> day of February, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**